## CHARLES FLAGG *vs.* CITY OF WORCESTER.

No action lies against a city for the injury occasioned to land bounding on a public street from the accumulation of water on the surface of the street, which the city has neglected to drain.

The remedy of an owner of land, for injury done to his land by the city by making an excavation in a public street, and thus turning the water accumulated thereon into a private drain running through his land, is by petition under the Rev. Sts. *c.* 25, § 6, and not by action of tort.

ACTION OF TORT. Trial before *Metcalf,* J., who reserved the case, by agreement of the parties, for the whole court, in whose opinion the substance of his report is stated. The decision was made at Boston in June 1860.

*P. C. Bacon & H. Williams,* for the plaintiff, to the point that the defendants were liable, under the first count, for having so laid out and constructed their streets as to cause the water to accumulate in large quantities thereon, and thence flow into the cellar, and upon the premises of the plaintiff, cited *Perry* v. *Worcester,* 6 Gray, 546; *Blood* v. *Nashua & Lowell Railroad,* 2 Gray, 139; *Anthony* v. *Adams,* 1 Met. 284; *Dodge* v. *County*

*Commissioners*, 3 Met. 380 ; *Mellen* v. *Western Railroad*, 4 Gray, 301 ; and to the point that the defendants were liable, under the second count, for the making, by their street commissioner for the purpose of draining off the water which had accumulated in said streets, of an opening into a private drain, running through the plaintiff's premises, whereby his property was greatly injured, *Anthony* v. *Adams*, 1 Met. 284 ; *Sutton* v. *Clark*, 6 Taunt. 29 ; *Thayer* v. *Boston*, 19 Pick. 514 ; *Crocker* v. *Boston*, 5 Cush. 182 ; *St.* 1841, *c.* 115.

*D. Foster & G. W. Baldwin*, for the defendants.

MERRICK, J. The declaration contains two counts. In the first, the plaintiff complains that his estate, abutting on Bowdoin Street, opposite Chestnut Street, has been injured by the water accumulated on those streets, for which he alleges that the defendants neglected to provide proper and suitable drainage, and, instead of doing so, suffered and permitted it to escape and flow from Bowdoin Street upon and across his land. · And upon the trial it appeared from his testimony, which was in no respect controverted, that, during the time complained of, no provision was made by the city to drain the surface water accumulated by and upon those streets ; but that water, thus accumulated, flowed over the surface of Bowdoin Street into and through his garden and premises, depositing thereon large quantities of gravel and earth, preventing its cultivation and substantially depriving him of its profitable use.

It is not alleged in the declaration, nor was any attempt made upon the trial to show, that Bowdoin and Chestnut streets were not in all respects, except in relation to the alleged deficiency in proper and suitable drainage, made, graded and finished so as to be safe and convenient for public use. The defendants therefore are not liable, upon the case stated and proved by the plaintiff, to compensate him for his alleged damage, unless all towns and cities are not only by law required, in the construction and maintenance of public highways, to provide such sufficient drainage for all surface water, that is, all such as is accumulated thereon by the falling of rain or the melting of snow, as will prevent it from thence flowing upon and injuring any con-

tiguous estate ; but are exposed to an action for all injuries which may thereby be occasioned.

Public highways are to be maintained and kept in repair by the towns or cities within which they are situated, so that they shall be safe and convenient for all persons lawfully travelling thereon. Rév. Sts. *c.* 25, § 1. This requisition, imposing upon all municipal corporations a serious and weighty obligation, by necessary implication authorizes them to do all acts necessary to the complete and faithful discharge of their duty in this particular. They may therefore bestow labor upon all parts of the located way, and make such changes in the natural surface of the soil as will add to the convenience or safety of the traveller. If, in consequence of such changes, the water accumulating upon the surface of the way, by the fall of rain or the melting of snow, passes on to adjoining lands in different places, or in somewhat greater quantities in particular places than it otherwise would have done, that is to be considered as one of the natural, probable or necessary consequences resulting from the establishment and maintenance of the way ; and therefore no action will lie for such an injury, as for a tort, but the damage must be regarded as a matter contemplated in the location of the road, and compensation sought for by the owner of the property in the way pointed out by the statute. *Perry* v. *Worcester*, 6 Gray, 546. In this respect the rights of towns and of the owners of land adjoining a highway are not dissimilar to those of coterminous proprietors of land. The owners of land may improve their respective estates by cultivation, by erecting fences on the external lines, and by the erection of buildings thereon. All of these acts must necessarily, to some extent, more in some cases than in others, depending in each instance upon the peculiar formation of the surface, change the course and direction of the flow of surface water, and may thereby increase the quantity passing over an adjoining estate. But such consequences, being the necessary and unavoidable result of the lawful appropriation of land, give no right of action to the party supposing himself to be injured thereby. *Parks* v. *Newburyport*, 10 Gray,

In that case, the lot of the plaintiff, on which his dwelling·

house stood, adjoined the lot of the defendants, which was in great part unoccupied otherwise than as an open school house yard. Afterwards the defendants erected upon their lot an engine house, and used part of the earth taken from the cellar under it, together with a quantity of gravel hauled from another place, to form an embankment about their building. In conse quence of this, surface water coming from the higher part of the defendants' land was turned and diverted upon and over the land of the plaintiff; and it was for the injury caused by this diversion that the action was brought. But it was held by the court, that the action could not be maintained.

In like manner, it was the right of the plaintiff in this suit to change and improve his estate as he did, by erecting on his land, in the gorge or valley through which the surface water formerly passed, his dwelling-house, changing in that manner the passage of the surface water there from the place where it had formerly and naturally flowed. The location and main-tenance of the highway did not alter or take away from him any right of causing or continuing such diversion. By raising an obstruction upon his own land, as he may lawfully do, he can still prevent the surface water from coming upon it; and if he thereby causes it to accumulate in the public highway, the city, if necessary to the safety and convenience of travellers, must provide, by drains or otherwise, the necessary means for its removal. As the defendants therefore have done nothing, except causing, by the construction of public highways, the diversion of the course of mere surface water ; and as the plaintiff has the means and the right, by protecting his own estate by any neces-sary or convenient work or structure upon it, of avoiding the damage complained of; and, for so much of such damage as is incident to the establishment and maintenance of the way, has, or might have, received full compensation in the manner pro-vided by law, upon its location; it is obvious that for the causes set forth in this count, no action can be maintained against them.

In the second count, the plaintiff alleges that the defendants unlawfully made an excavation and opened a drain within the

limits of Bowdoin Street, for the purpose of drawing off the water which accumulated thereon, and thus caused the water to flow in great quantities into and upon his premises, by which the walls of his dwelling-house were undermined and he was otherwise much injured in his property. In support of this alleged cause of action, evidence, which was not contested by the defendants, was introduced by the plaintiff, tending to show that in 1854, when he became owner of the premises, there was a culvert under Bowdoin Street, leading from the Chickering lot on the southerly side of it into a drain on his own land ; and that this culvert was built and constructed at the expense of the former proprietors of the two estates, and was by them intended and designed to be used solely for the purpose of draining and carrying off the surface water which should accumulate on the Chickering lot; and that afterwards, in the year 1858, the street commissioner of the city of Worcester, for the purpose of disposing of the water collected on the northerly slope of Chestnut Street and in Bowdoin Street, and for the purpose of improving and keeping those streets in repair, made the alleged excavation, within the limits of the last named street, into said culvert, and thereby emptied all said water into the same, by means of which greatly increased quantities of water were thereafterwards made to flow into and over his premises, to his serious disadvantage and damage. The defendants deny his right upon these facts to maintain any action against them.

It is well established by authorities and founded upon just principles, that when damage is necessarily done to the property of an individual by work authorized by public authority for public use, the work is not unlawful, and constitutes no tort, and no action will lie on account of it; but compensation for the damage must be sought by the owner of the property in the manner pointed out by law. *Perry* v. *Worcester*, 6 Gray, 546, 547. That principle is applicable to the present case.

By § 6 of *c.* 25 of the Rev. Sts. it is provided that " when any owner of land adjoining a highway shall sustain any damage in his property by reason of any raising, lowering or other act, done for the purpose of repairing such way, he shall have

51 *

᳐ mpensation therefor, to be determined by the selectmen of the town, or the mayor and aldermen of the city." The making of adequate provision, by work and labor upon the soil within the legally established boundaries of a highway, for the removal of water which collects upon it, to the inconvenience of travellers, whether it be by drains or ditches, or by the lowering of other parts of its surface, must undoubtedly be considered an act done thereon for the purpose of its repair. The excavation made by the street commissioner into the culvert on Bowdoin Street was obviously of this character and for this purpose, and therefore the remedy for any injury which was the consequence of it, to the property of any owner of adjoining land, must be sought for and obtained in the manner prescribed by the statute. That is by application to the mayor and aldermen to determine the damages, and the compensation to be made therefor; if their adjudication upon the question is not satisfactory, upon proper proceedings being had, they may be ascertained by a jury, as in the case of taking lands upon the location of highways. The repair of highways being not only authorized, but enjoined upon towns and cities; and this remedy being provided by it for the recovery of compensation for all injurious consequences resulting from acts done for such purpose; no action at law, having this for its object, can be maintained by the owner of adjoining land against the municipal corporation or any of its officers. But under this restriction no injustice can be done. To avail themselves of the remedy provided by the statute, ample opportunity is afforded to parties deeming themselves to be injured in their property. Their damages are in the first instance to be determined upon their own application to the selectmen of the town or mayor and aldermen of the city; and whether there is any limitation of time, by necessary implication, from all the various provisions of law upon the subject, (as none is in terms fixed by the statute,) within which such application is to be made, remains still an open question. Certainly they are to have a reasonable time; sufficient, at least, to enable them to determine whether the act of repair would result in a positive detriment to their estate.

By the general statutes recently enacted, the right of making such application is limited to one year after the completion of the work complained of. Rev. Sts. *c.* 25, § 6. *Elder* v. *Bemis,* 2 Met. 599. *Brown* v. *Lowell,* 8 Met. 172. *Mitchell* v. *Bridgewater,* 10 Cush. 411. Gen. Sts. *c.* 44, § 19. It is obvious from these considerations that no legal cause of action is stated in the second cause in the plaintiff's declaration.

It is hardly necessary to remark, in addition to what has been said in reference to the allegations in the first count, that, as it is only surface water, which is liable to flow upon the plaintiff's land by means of the excavation into the culvert in Bowdoin Street, the plaintiff has a right to create any obstruction on his own premises, to prevent its entrance upon his land, or its passage through. The rules and principles of law in reference to the diversion of water accumulating by the fall of rain or melting of snow on the surface of the ground are essentially different from those which are applicable to streams flowing in channels between defined and actual banks. *Luther* v. *Winnissimmet Ferry,* 9 Cush. 174. *Mellen* v. *Western Railroad,* 4 Gray, 301. *Perry* v. *Worcester,* 6 Gray, 546. *Sprague* v. *Worcester, ante,* 193.

Upon the conclusion to which the court has arrived, the plaintiff, in pursuance of the agreement of the parties, is to become nonsuit.